# SUPREME COURT.

## COOPER & EGGLESTON agt. R. BALL.

A *justice of the peace* has not, by statute, *jurisdiction* by long summons over all persons residing in his county; but only over those who (residing in the county) also reside in his *own town*, or *adjoining* his own town; or where the *plaintiff* resides in the same town with the justice, or in an adjoining one.

Therefore, where it was averred, and proved, that a justice of the peace of a town, *not in or adjoining* the town where either of the parties (plaintiff or defendant) resided, although they resided in the county, issued a long summons, which was personally served on the defendant, *held*, that the justice acquired no jurisdiction, and the defendant (who had not voluntarily appeared) was entitled to have the whole proceedings and judgment set aside as utterly void.

*Rensselaer Special Term, Feb.,* 1857.

THE case is one where a plaintiff (in justice's court) sued two defendants by long summons, personally served, and so returned; the summons being (in this action) *averred and proved* to have been issued by a justice of the peace, of a town *not adjoining* the town where either of the parties (plaintiff or either defendant) resided, although all parties resided in the county.

To prohibit all proceedings on the part of the plaintiff in the court below—(the defendant here)—on the judgment, this suit is brought.

MARTIN I. TOWNSEND, *for plaintiffs.*
M. BALL, *for defendant.*

GOULD, Justice. This matter has already been before Mr. Justice PAIGE, on a motion to dissolve the injunction issued in this case against the plaintiff in the court below, and he granted the motion, giving an opinion that the case of *Barnes* agt. *Harris,* (4 *Comstock,* 375,) was directly in point, and had overruled previous contrary decisions. Feeling the highest respect for any opinion of that learned judge; it is with great diffidence

Cooper & Eggleston agt. Ball.

that I venture to say that I am unable to agree with him in his understanding of that case. As I read it, it decides only that, on *demurrer to the pleading* of a justice's judgment,—(which pleading alleges that a summons was "*duly* issued and *personally* served,")—the words "*duly issued*" could not be true, had the defendant *not been a resident of the county where*, &c., and that the cause of demurrer assigned, "*that it did not appear that the defendant was a resident of the county*," &c., was not good cause ; and the demurrer was overruled : and the true purport of that decision seems to me to go no further than that the judgment was (*as pleaded*) *prima facie* valid.

No such rule applies to the case on trial. It is here *proved* that, by *law*, the justice had no approximation to jurisdiction. He has *not*, by statute, jurisdiction, by long summons, over *all persons residing in his county;* but only over those who (residing in the county) *also* reside in his own town, or in a town adjoining his own town ; or where the *plaintiff* resides in the same town with the justice, or in and adjoining one. *All other* residents of his county are as effectually out of the reach of his long summons—(though it be, in the words of the court, his "usual and regular" process)—as if they resided out of the state. And, further, as to *any one* kind of process issued by a justice, I see not how it is to be designated his "usual and regular" process; inasmuch as *all* his processes are given to him by *positive enactment;* and each, (*in its appropriate cases,*) is as "usual and regular" as any other.

The *reason* of the statute (restricting the powers of a justice to cases which belong to his neighborhood) was never more manifest than in this case. A plaintiff residing within a mile or two of the city of Troy, sues two defendants, one living in Troy, and the other within three miles of Troy, (at Lansingburgh,) and (as if for the express purpose of *vexation*) gets a summons from a justice of the town of Hoosick, some twenty-five miles distant from either of the parties ! Is it the law, that a plaintiff may thus defy the express provisions of the statute, and put a defendant to the expense and inconvenience of going to the extreme part of the county, to prevent being subjected

to a judgment for just so much as (in defendant's absence) a justice can be hoodwinked into giving? If it be, it is high time the law were altered.

It must be decreed that said judgment is utterly void; and that the same be cancelled of record; and that all proceedings had on or under the same be set aside, and all future proceedings thereon forever prohibited. And further, that the plaintiffs recover of said defendant their costs in this action.